# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| CHARLES J. FICHER, JR. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 14-02281 |
| JERRY GOODWIN, WARDEN, DAVID WADE CORRECTIONAL CENTER | SECTION "E"(5) |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Michael B. North recommending Petitioner Charles Ficher, Jr.'s petition for federal habeas corpus relief be dismissed with prejudice as time-barred.[1] Petitioner objected to the Magistrate Judge's Report and Recommendation.[2] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DENIES** Petitioner's application for relief.

## BACKGROUND

Petitioner is an inmate currently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[3] In November 1992, he was indicted by an Orleans Parish grand jury and charged with one count of second-degree murder.[4] On October 26, 1993, a jury found him guilty of the charged count.[5] On November 9, 1993, his motion for new trial

---

[1] R. Doc. 14.
[2] R. Doc. 24.
[3] R. Doc. 25.
[4] State Rec., Vol. 1 of 3, Grand Jury Indictment. The indictment refers to defendant as Charles "Fisher." The state court record also includes the alternate spelling, "Fischer." His federal court petition, however, is styled Charles "Ficher."
[5] State Rec., Vol. 1 of 3, Minute Entry, 10/26/93.

1

was denied and he was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence.[6]

On direct appeal, Petitioner's appointed counsel requested a review for only errors patent and moved to withdraw.[7] Petitioner, pro se, filed a supplemental brief.[8] On January 19, 1995, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[9] On June 16, 1995, the Louisiana Supreme Court denied his writ of certiorari.[10] Petitioner did not seek a writ of certiorari from the United States Supreme Court.[11]

On October 22, 1996, Petitioner filed his first application for post-conviction relief with the state district court.[12] On March 9, 1998, the state district court rendered judgment denying relief on the merits.[13] On May 28, 2003, Petitioner, having failed to receive a ruling from the state district court, filed his first writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[14] On June 23, 2003, the state appellate court issued a decision on Petitioner's pending post-conviction application, determining Petitioner was not entitled to relief.[15] Petitioner then filed a writ application with the Louisiana Supreme Court. On August 20, 2004, the Louisiana Supreme Court denied

---

[6] State Rec., Vol. 1 of 3, Minute Entry, 11/9/93.
[7] R. Doc. 14 at 2.
[8] *Id.*
[9] *State v. Fisher*, 94-KA-0191 (La. App. 4 Cir. 1995), 648 So.2d 52 (Table); see State Rec., Vol. 2 of 3.
[10] *State v. Fisher*, 95-KO-0476 (La. 1995), 655 So.2d 341; State Rec., Vol. 2 of 3.
[11] R. Doc. 14 at 2.
[12] State Rec., Vol. 1 of 3, Uniform Application for Post-Conviction Relief. Petitioner's application was signed and notarized on October 22, 1996, which is presumably the earliest date he could have placed it in the prison mail system. *See* Affidavit attached to PCR application; *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006) (requiring federal habeas courts apply Louisiana's mailbox rule to determine the filing date of a Louisiana state court filing, which provides such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system.").
[13] State Rec., Vol. 1 of 3, Judgment, 3/9/98.
[14] R. Doc. 14 at 3.
[15] *State v. Ficher* (Fisher), No. 2003-K-0964 (La. App. 4 Cir. 2003) (unpublished decision).

Petitioner's writ application.[16] In September 2004, Petitioner filed his second application for writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[17] The Louisiana Fourth Circuit denied Petitioner's writ application "as repetitive."[18] On August 19, 2005, the Louisiana Supreme Court denied petitioner's writ application as "moot."[19]

On October 6, 2005, Petitioner filed his first federal habeas corpus application with this Court, asserting: (1) he was denied a fair trial due to prosecutorial misconduct; (2) his conviction was based on insufficient evidence; (3) he received ineffective assistance of counsel for failing to present witnesses on his behalf and to request a limiting instruction regarding the use of prior inconsistent statements; and (4) the grand-jury indictment was unconstitutionally obtained.[20] Because his federal petition contained both exhausted claims (Nos. 2 and 3) and unexhausted claims (Nos. 1 and 4), the district court dismissed the petition without prejudice for failure to exhaust state-court remedies on November 19, 2008.[21] Petitioner moved for a certificate of appealability ("C.O.A"), which the Fifth Circuit Court of Appeals denied on October 6, 2009, explaining "the district court correctly determined that Ficher's petition was a 'mixed petition' for failure to exhaust state remedies for his [claims nos. 1 and 4]."[22]

On March 18, 2013, Petitioner filed a second application for post-conviction relief

---

[16] *State ex rel. Ficher v. State*, No. 2003- KH-2071, 882 So.2d 564 (La. 2004).
[17] R. Doc. 14 at 3.
[18] *State v. Ficher*, No. 2004-K-1587 (La. App. 4 Cir. 2004) (unpublished decision).
[19] *State ex rel. Ficher v. State*, No. 2004-KH-2820, 908 So.2d 663 (La. 2005).
[20] R. Doc. 14 at 4.
[21] *Id.*
[22] *See* R. Doc. 23 (Order Denying Petitioner's C.O.A. Motion) filed in *Charles Ficher v. Burl Cain*, Civ. Action No. 05-6373 (E.D. La. 2005).

with the state district court.[23] On May 14, 2013, the state district court denied relief.[24] On September 4, 2013, Petitioner submitted a related supervisory writ application to the Louisiana Fourth Circuit Court of Appeal.[25] On October 3, 2013, the appellate court found Petitioner's claims time-barred under La. Code Crim. P. art. 930.8.[26] On October 22, 2013, Petitioner filed a supervisory writ application with the Louisiana Supreme Court.[27] On June 20, 2014, the Louisiana Supreme Court denied the application as untimely.[28]

On September 24, 2014, Petitioner filed the instant federal petition for habeas corpus relief, asserting: (1) he was denied a fair trial due to prosecutorial misconduct and (2) ineffective assistance of trial counsel for failing to (a) present a witness, (b) request a limiting instruction concerning proper use of prior inconsistent statements, and (c) challenge the grand-jury indictment.[29] The Respondent filed a response, arguing the petition should be dismissed as untimely.[30] Petitioner filed a reply.[31] On September 8, 2017, the magistrate judge issued a report and recommendation recommending the petition be dismissed with prejudice as untimely.[32] On November 2, 2017, then-District Court Judge Kurt Engelhardt issued an order adopting the report and recommendation[33] and entered judgment in favor of Respondent.[34] On November 27, 2017, the Court

---

[23] State Rec., Vol. 3 of 3, Uniform Application for Post-Conviction Relief. The application contained in the state-court record is undated. However, in his reply, Ficher submitted a copy of a withdrawal request slip for funds dated March 18, 2013, which he claims reflects the date he mailed the PCR application to the state district court. R. Doc. 13. The Court will adopt that date, which coincides with the State's assertion that "at some point in early 2013, he filed a new application for post-conviction relief." R. Doc. 12 at 4.
[24] State Rec., Vol. 3 of 3, District Court Judgment denying PCR signed May 14, 2013.
[25] State Rec., Vol. 3 of 3, State v. Charles Fischer, Jr., 2013-K-1315 (La. App. 4 Cir. Oct. 3, 2013).
[26] *Id.*
[27] *State ex rel. Charles Fischer, Jr. v. State*, 2013-KH-2543 (La. 6/20/14), 141 So.3d 279.
[28] *Id.*
[29] R. Doc. 1.
[30] R. Doc. 12.
[31] R. Doc. 13.
[32] R. Doc. 14.
[33] R. Doc. 16.
[34] R. Doc. 17.

received a letter from Petitioner indicating he never received a copy of the magistrate judge's report and recommendation.[35] On November 29, 2017, the Court ordered Petitioner would have until December 29, 2017 to file objections to the report and recommendation.[36] Petitioner filed an objection on December 29, 2017.[37]

## ANALYSIS

### I. Standard of Review

In reviewing the magistrate judge's Report and Recommendations, the Court must conduct a de novo review of any of the magistrate judge's conclusions to which a party has specifically objected.[38] As to the portions of the report that are not objected to, the Court needs only review those portions to determine whether they are clearly erroneous or contrary to law.[39]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[40] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[41] AEDPA

---

[35] R. Doc. 21.
[36] *Id.*
[37] R. Doc. 24.
[38] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[39] *Id.*
[40] 28 U.S.C. § 2254(d)(1).
[41] *Williams*, 529 U.S. at 405–06.

5

requires that a federal court "accord the state trial court substantial deference."[42]

## II. Statute of Limitations

The AEDPA provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[43] The limitation period runs from the latest of:

> **(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[44]

The one-year period of limitation may be tolled in certain situations. First, the AEDPA statutorily allows the one-year limitations period to be interrupted in the following regard: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[45] Second, the one-year period of limitation may be equitably tolled in extraordinary circumstances.[46] Third, a plea of actual innocence can overcome the AEDPA's one-year limitations for filing a habeas petition.[47]

---

[42] *Brumfield v. Cain*, 135 S. Ct. 2269 (2015).
[43] 28 U.S.C. § 2244(d)(1).
[44] *Id.* § 2244(d)(1)(A)-(D) (emphasis added).
[45] *Id.* § 2244(d)(2).
[46] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).
[47] *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

Magistrate Judge North recommended this Court dismiss Petitioner's petition as untimely because Petitioner failed to file his federal habeas petition within the one-year statute of limitations period.[48] This Court agrees with the magistrate judge's recommendation.

### A. One-Year Limitation Period

Generally, a petitioner must file his federal habeas petition within one year of the date on which his underlying criminal judgment becomes "final."[49] "When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court."[50] In this case, Petitioner's state criminal judgment of conviction became final on September 14, 1995 when the 90-day period for seeking a writ of certiorari from the United States Supreme Court expired and Petitioner had not filed for relief.[51] However, because Petitioner's conviction predated the enactment of the AEDPA, Petitioner is entitled to a "grace period" of one year from the AEDPA's date of enactment, April 24, 1996.[52] Accordingly, the grace period expired on April 24, 1997. Because Petitioner filed the instant federal habeas petition on September 24, 2014, his petition was filed untimely unless the one-year statute of limitations was tolled or otherwise interrupted.

---

[48] R. Doc. 14.
[49] 28 U.S.C. § 2244(d)(1)(A).
[50] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)).
[51] *See Roberts*, 319 F.3d at 693.
[52] *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003)).

B.     **Statutory Tolling**

Section 2244(d)(2) of the AEDPA provides the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" shall not be counted toward the one-year limitation period.[53] Accordingly, the time during which Petitioner's timely-filed state-court collateral-review remained pending—from October 22, 1996 through August 19, 2005—is properly tolled under Section 2244(d)(2). After August 19, 2005, the first application for post-conviction relief Petitioner filed was his first application for federal habeas corpus review. However, an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2).[54] Therefore, Petitioner's federal application filed on October 6, 2005 did not toll the one-year limitation period under the AEDPA.

The Report and Recommendation states: "Ficher did not file any other applications for post-conviction relief or collateral review with the state district court until March 2013."[55] Petitioner objects to this statement, arguing:

> [O]n September 30th of 2009, In case no. 09-30014, *Ficher v. Cain* USDC No. 2:05-cv-6373, under United States Circuit Judge Carolyn Dineen King, in the United States Court of Appeals, Fifth Circuit, [Petitioner] was denied without prejudice His request for a C.O.A. . . . Notwithstanding, Orleans Criminal Parish had determined under [*Rhines v. Weber,* 544 U.S. 269 (2005)] that there was no good cause for the Petitioner to exhaust his claims first in state court. Which in term, created the complex circumstances whereas the Petitioner could not go forward nor backwards (with his unexhausted claim!)[.][56]

The Court agrees with the magistrate judge. First, it appears Petitioner's argument is he was prevented from filing an application in state court after the federal district court

---

[53] 28 U.S.C. § 2244(d)(2).
[54] *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).
[55] R. Doc. 14 at 9.
[56] R. Doc. 24 at 4-5.

8

dismissed his first federal application: to wit, because the state courts denied Petitioner's writ application filed in October 1996, and because he brought no new claims when he filed his first federal habeas petition in October 2005, all of the claims in his first federal application were exhausted.[57] However, as the district court held in 2008, Petitioner's federal application contained unexhausted claims.[58] The Fifth Circuit subsequently held "the district court correctly determined Ficher's petition was a 'mixed petition' for failure to exhaust state remedies for his prosecutorial misconduct and unconstitutionally empaneled grand jury claims."[59] Petitioner was therefore not prevented from filing an application in state court. Second, because Petitioner's first federal application does not constitute an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2),[60] Petitioner's motion for a certificate of appealability filed in the same matter likewise does not constitute an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2). Third, and in any event, even tolling the time during which Petitioner's first federal application was pending, Petitioner's instant federal application would still be untimely.

By the time Petitioner filed his state court application in March 2013, the AEDPA's one-year limitations period had long since expired. Once the federal one-year limitations period has expired, "[t]here is nothing to toll."[61] Accordingly, Petitioner's state court application for post-conviction relief filed in March 2013 does not toll the one-year

---

[57] *See* R. Doc. 13 (Objection to Report and Recommendation) filed in *Charles Ficher v. Burl Cain*, Civ. Action No. 05-6373 (E.D. La. 2005).
[58] *See* R. Doc. 14 (Order Adopting Report and Recommendation) filed in *Charles Ficher v. Burl Cain*, Civ. Action No. 05-6373 (E.D. La. 2005).
[59] *See* R. Doc. 23 (Order Denying Petitioner's C.O.A. Motion) filed in *Charles Ficher v. Burl Cain*, Civ. Action No. 05-6373 (E.D. La. 2005).
[60] *Duncan*, 533 U.S. 181-82.
[61] *Butler*, 533 F.3d at 318.

limitations period. Petitioner's federal application is therefore untimely, even including the applicable statutory tolling credit Petitioner's state court application, filed on October 22, 1996, remained pending.

### C. Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[62] In this case, Petitioner does not expressly argue he is entitled to equitable tolling. However, Petitioner argues: "Petitioner had inadvertently become Judicially stagnated up until the arrival of *Martinez vs. Ryan*" and "Petitioner filed his instant application reliance on *Martinez* within one-year of said decision."[63] However, "a mere change in decisional law ordinarily does not constitute an extraordinary circumstance under the rule."[64] Thus, even if Petitioner has met burden to establish he has been pursuing his rights diligently, he has not satisfied his burden to establish an extraordinary circumstance stood in his way. The record likewise does not reveal any extraordinary circumstances that would warrant equitable tolling. Mistake, ignorance of the law, and a prisoner's pro se status do not warrant equitable tolling.[65] Accordingly, the Court finds Petitioner is not entitled to equitable tolling.

---

[62] *Pace*, 544 U.S. at 418; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010).
[63] R. Doc. 24 at 5-6.
[64] *Clark v. Stephens*, 627 F. App'x 305, 307 (5th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 536–37 (2005); *Hernandez v. Thaler*, 630 F.3d 420, 429-30 (5th Cir. 2011)); *see also Gonzalez*, 545 U.S. at 536 ("The District Court's interpretation was by all appearances correct under the [appellate court's] then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, [the appellate court] arrived at a different interpretation [of the AEDPA].").
[65] *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

### D. Actual Innocence

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."[66] "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"[67] "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations . . . with new reliable evidence . . that was not presented at trial."[68] To succeed on an actual innocence claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[69]

In the instant petition, Petitioner suggests he is actually innocent because prosecution witness, Robert Young, offered inconsistent and therefore arguably unreliable testimony at trial.[70] As "new" evidence in support of the actual innocence claim, Petitioner points to an affidavit he obtained from an uncalled defense witness, Kimmie Alexander, whom he disclosed to defense counsel in advance of trial. In her affidavit, she states she saw someone other than Petitioner shoot the victim.[71] In his objection to the report and recommendation, Petitioner reiterates his argument that Alexander's testimony is "new" evidence "not presented at trial" establishing his actual innocence.[72]

---

[66] *McQuiggin*, 569 U.S. at 386.
[67] *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).
[68] *Schlup*, 513 U.S. at 324.
[69] *Id.* at 327.
[70] R. Doc. 1 at 2-3.
[71] R. Doc. 1-1 at 2.
[72] R. Doc. 24 at 10-11.

11

It is doubtful whether Alexander's testimony constitutes "new" evidence. In rejecting Petitioner's direct appeal claim regarding the sufficiency of the evidence upon which Petitioner was convicted, the state district court held: "[e]ven if the defense impeached Young's credibility, the state introduced other evidence which was sufficient to support the jury's verdict."[73] In any event, Petitioner has established merely the existence of conflicting evidence and credibility issues,[74] not that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[75] Accordingly, Petitioner's actual innocence claim does not entitle him to tolling of one-year limitations period.

### E. *Martinez*

In *Martinez v. Ryan*, the Supreme Court held "a procedural default [imposed by state courts] will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[76] Notably, "*Martinez* does not apply to § 2244(d)'s one-year limitations period."[77] In his objection to the report and recommendation, Petitioner "submits[] that Louisiana State Law and Federal law requires this Honorable Court to apply *Martinez* retroactively."[78] However, "the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."[79] Accordingly, Petitioner's objection cannot

---

[73] *State v. Fisher*, 95-0476, at 4-5 (La. App. 4 Cir. Jan. 19, 1995) (unpublished).
[74] *Bosley v. Cain*, 409 F.3d 657, 665 (5th Cir. 2005).
[75] *Schlup*, 513 U.S. at 327.
[76] 566 U.S. 1, 17 (2012); *see also Trevino v. Thaler*, 133 S. Ct. 1911, 1912 (2013).
[77] *Shank v. Vannoy*, No. 16–30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (citing *Lombardo v. United States*, 860 F.3d 547, 557–58 (7th Cir. 2017); *Arthur v. Thomas*, 739 F.3d 611, 630–31 (11th Cir. 2014); *Bland v. Superintendent Greene SCI*, 2017 WL 3897066, at *1 (3d Cir. 2017)).
[78] R. Doc. 24 at 7.
[79] *In re Paredes*, 587 F. App'x 805, 813 (2014).

succeed. Petitioner is not entitled to any relief under *Martinez* for his untimely filing under the AEDPA.

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and **ADOPTS** it as its opinion in this matter.[80]

## **CONCLUSION**

**IT IS ORDERED** that Petitioner Charles Ficher, Jr.'s petition against Respondent Jerry Goodwin be and hereby is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 2nd day of August, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[80] R. Doc. 9.