UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES F. FICHER, JR. #332513** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2281** |
| **JASON KENT, WARDEN, D.W.C.C.** | **SECTION: E (5)** |

## ORDER AND REASONS

Plaintiff Charles Ficher, Jr. filed a notice of appeal[1] of a judgment entered by the District Court on August 2, 2019.[2] The Fifth Circuit remanded the case to this Court for a determination of whether Plaintiff's notice of appeal was timely filed under the prison mailbox rule found in Federal Rule of Appellate Procedure 4(c)(1).[3]

## LAW AND ANALYSIS

The Fifth Circuit has held that petitioners seeking habeas corpus relief are entitled to the benefit of the prison mailbox rule.[4] Rule 4(c)(1) states that a notice of appeal is timely filed if it is deposited in an institution's internal mail system on or before the last day of filing.[5] The Court may look to evidence, such as a postmark, date stamp, or notarized statement, to determine when Plaintiff's notice was timely filed.[6] The Fifth

---

[1] R. Doc. 30.
[2] R. Doc. 28.
[3] Fed. R. App. P. 4(c)(1) states "[i]f an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or criminal case, the notice is timely filed if it is deposited in the institution's internal mail system on or before the last day for failing and: (A) it is accompanied by: (i) a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid." The court of appeals may also exercise its discretion to permit the later filing of a declaration or notarized statement that satisfied Rule 4(c)(1)(A)(i). There is no evidence the Fifth Circuit did this in this case.
[4] *See Medley v. Thaler*, 660 F.3d 833 (5th Cir. 2011).
[5] Fed. R. App. P. 4(c)(1).
[6] *Id.*

1

Circuit held that a petitioner's "bare assertion that he placed his motion in a housing unit mailbox" is insufficient to meet his burden of proof if uncorroborated.[7] Other courts have held that remand is necessary in rare cases when complicated circumstances exist.[8]

In this case, Plaintiff's notice of appeal was due on September 3, 2019.[9] Under the prison mailbox rule, Plaintiff's notice of appeal must have been deposited in Dixon Correctional Institute's internal mail system on or before September 3, 2019. Plaintiff's signature on the notice is dated September 2, 2019.[10] The date stamp on the envelope indicates it was mailed September 4, 2019.[11] Plaintiff's notice does not include a notarized statement setting out the date the notice was deposited in the mail.[12] Plaintiff's notice was received by the Court on September 6, 2019.[13] However, under Rule 4, only the date Plaintiff deposited the notice in the mail is relevant, not the date it was received or filed. The only evidence the Court has to consider regarding the date Plaintiff deposited his notice is the time stamp on the envelope, September 4, 2019, the day after the notice was due.[14]

A pro se prisoner has the burden to prove that he is entitled to benefit from the prison mailbox rule and that his pleadings were properly submitted for filing in a timely manner.[15] If the prisoner meets his burden to prove the prison mailbox rule applies and that his submission is timely, the burden shifts to the Government to prove "untimeliness"

---

[7] *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019).
[8] *Porchia v. Norris*, 251 F.3d 1196, 1199 (2001) (citing *Bridgeforth v. Gibson*, 1998 WL 729256 at *4 (10th Cir. Oct. 16, 1998) (collecting cases)).
[9] R. Doc. 35.
[10] R. Doc. 30 at 9.
[11] *Id*. at 20.
[12] *See* R. Doc. 30.
[13] *Id*. at 1.
[14] *Id*. at 20.
[15] *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019).

by presenting contradictory evidence.[16] In this case, the Plaintiff has not provided any evidence, other than the date stamp on the envelope, to show when he placed his notice of appeal into the Dixon Correctional Institute's internal mail system.

Other courts have allowed discovery to determine whether a plaintiff has met the requirements of the prison mailbox rule.[17] In *Benitez v. Davis*, the district court considered whether plaintiff was entitled to the prison mailbox rule, and if so, on what date the plaintiff surrendered his legal mail to prison mail room personnel for mailing. The court granted the plaintiff's request for discovery in the form of mail log records to support his claim that he timely tendered his petition to mail room officials and allowed both parties an opportunity to supplement the record with evidence as to the date the petition in question was filed.[18]

In this case, it is unclear whether Plaintiff timely filed his notice of appeal. Plaintiff's signature on the notice is dated prior to the filing deadline and the only other evidence as to whether Plaintiff timely filed is the untimely date stamp on the envelope of the notice.[19] The Fifth Circuit remanded this matter to the District Court to determine whether Plaintiff met the prison mailbox rule under Federal Rule of Appellate Procedure 4(c)(1).[20]

The Court considers it in the interest of justice to appoint counsel to assist Plaintiff in attempting to determine the date the notice of appeal was deposited in the Dixon Correctional Institute's internal mail system.

---

[16] *Benitiz v. Davis*, 2020 WL 1815865 at *6 (S.D. Tex. April 9, 2020) (citing *Ray v. Clements*, 700 F.3d 993, 995 (7th Cir. 2012).
[17] *Benitiz v. Davis*, 2020 WL 1815865 at *6 (S.D. Tex. April 9, 2020).
[18] *Id.*
[19] *See* R. Doc. 30.
[20] R. Doc. 35.

**CONCLUSION**

**IT IS ORDERED** that the Federal Public Defender appoint counsel to assist Plaintiff Charles Ficher.

**IT IS FURTHER ORDERED** that this matter is referred to the assigned Magistrate Judge for a report and recommendation.

**New Orleans, Louisiana, this 2nd day of February, 2021.**

                                        *Susie Morgan*
                                   **SUSIE MORGAN**
                        **UNITED STATES DISTRICT JUDGE**