UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES F. FICHER, JR.**[1] | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2281** |
| **JASON KENT, WARDEN** | **SECTION: "E"(5)** |

### REPORT AND RECOMMENDATION

Upon remand by the United States Fifth Circuit Court of Appeals, this matter was referred to the undersigned United States Magistrate Judge for the limited purpose of determining whether petitioner, Charles Ficher, Jr., timely filed his pro se notice of appeal.[2] In the remand order, the Fifth Circuit noted that the Judgment was entered August 2, 2019.[3] Ficher's notice of appeal was due September 3, 2019, but it was filed on September 6, 2019. The date stamp on the envelope was September 4, 2019.    The Court of Appeals remanded for a determination of whether the notice of appeal was timely deposited in the prison's internal mail system on or before September 3, 2019.[4]

---

[1] Ficher's federal application is styled Charles **J.** Ficher, Jr. This was apparently a typographical error, because his later filings bear the name Charles **F.** Ficher, Jr.

[2] Rec. Docs. 35, 36.

[3] The U.S. Fifth Circuit referenced the Judgment issued 8/2/2019 at Rec. Doc. 28. The Court notes that an Amended Judgment was later issued with the correct petitioner on 9/11/2019. Rec. Doc. 31.

[4] Federal Rule of Appellate Procedure 4 (c) states: "If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and (A) it is accompanied by (i) a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of the deposit and stating that first-class postage is being pre-paid; or (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or (B) the court of appeals

As noted in the referral order, the notice of appeal was signed and dated September 2, 2019[5] and the date stamp on the envelope indicates it was mailed September 4, 2019. Ficher has submitted a *pro se* response with several attached Offender Funds Withdrawal Request Forms, which he contends show that he initiated the mailing process of the notice of appeal by submitting the document to prison officials requesting copies September 2, 2019.[6] The date of the withdrawal request for copies matches the date September 2, 2019, which appears on his certificate of service for his notice of appeal.

Counsel was appointed for Ficher and appeared for a status conference before the undersigned on March 4, 2021. Counsel for Respondent, on behalf of the Warden, advised at that time that he had no opposition or reason to contest the fact that the notice of appeal was timely-filed under the prison mailbox rule.[7] A supplemental response was filed by Respondent to this effect.[8] There is no evidence contradicting the fact that Ficher's notice of appeal was signed and dated September 2, 2019, and that his documents were deposited with prison officials on this date for mailing his notice of appeal.[9]

Considering the uncontested evidence submitted by Ficher and the Respondent's

---

exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i)." Fed. R. App. P. 4(c)(1).

[5] Rec. Doc. 36, Order and Reasons, p. 2. *See also* Rec. Doc. 30, Notice of Appeal, p. 9.

[6] The copy quality is poor, but the 9/2/2019 date is legible. Rec. Doc. 42-2, p. 1.

[7] Rec. Doc. 43, Minute Entry.

[8] Rec. Doc. 41, Supplemental Response.

[9] The Court notes that Monday, September 2, 2019 was Labor Day.

2

formal concession of timeliness, the undersigned finds that Ficher's notice of appeal was timely filed on or before September 3, 2019.

### **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that petitioner, Charles Ficher, Jr.'s, notice of appeal be considered timely filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.     28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this   17th   day of                 March                , 2021.

  
_____  
MICHAEL B. NORTH  
UNITED STATES MAGISTRATE JUDGE

---

[10] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.